UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| WILLIAM MICHAEL BURK, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 12-CV-254-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SERA M. REVELL, Warden, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

William Michael Burk, Jr., is an inmate confined at the Federal Medical Center in Butner, North Carolina. Proceeding without an attorney, Burk filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his underlying criminal conviction [R. 1]. Burk properly filed this petition in the Eastern District of North Carolina, the judicial district where he is incarcerated.[1] Burk properly named his custodian, Sara M. Revell, Warden, as the respondent. *See William Michael Burk, Jr. v. Warden Sara M. Revell*, No. 5:12-HC-2143-FL (E.D.N.C. 2012). Burk also paid the $5.00 filing fee.

---

[1] A section 2241 petition for habeas corpus must be filed in the district in which the prisoner is confined. *Pack v.Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). *See also United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (stating that, "[t]o entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian").

**I**

The district court in the Eastern District of North Carolina conducted an initial review of Burk's habeas corpus petition.  28 U.S.C. § 2243;  *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  In the Order of October 16, 2012, the court in the Eastern District of North Carolina concluded that although Burk filed his claim as a habeas petition under 28 U.S.C. § 2241, he was in fact attacking the legality, rather than the execution, of his sentence, and that the legality of one's sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under 2255] is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255; *see In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). *William Michael Burk, Jr. v. Warden Sara M. Revell*, No. 5:12-HC-2143-FL (E.D.N.C. 2012) (R. No. 3, p. 1 therein).  The court noted that since Burk had not previously filed a § 2255 motion, he could not establish that his remedy under § 2255 was inadequate or ineffective.  For those reasons, the court put Burk on notice that pursuant to *Castro v. United States,* 540 U.S. 375 (2003), it intended to recharacterize his § 2241 habeas petition as an attempt to file a motion under 28 U.S.C. § 2255.  (*Id.*, at p. 3 therein)

 The court gave Burk an opportunity to file a response to its notice that it intended to recharacterize his § 2241 petition as a motion filed under § 2255.  The court advised Burk that if he agreed to have his habeas petition recharacterized or if he did not respond in any way, the court would  treat it as a § 2255 motion, would consider it filed as of the date the habeas petition was filed, and would transfer it to the Eastern District of Kentucky, since challenges to a conviction made pursuant to § 2255 must be made in the court that imposed the sentence.  (*Id*., at R. 3, pp. 3-4 therein) The court further advised Burk that if he responded and did not agree to the

2

proposed recharacterization, the court would not treat it as a § 2255 motion, but would dismiss it without prejudice. *Id.*

Burk responded to the court's Order of October 16, 2012; however, his response was a mixed bag. On the one hand, he acquiesced in the recharacterization of his habeas petition to a § 2255 motion, (in fact, he moved for conditional recharacterization under § 2255), but on the other hand, he requested the court in the Eastern District of North Carolina to retain jurisdiction under the "savings clause" and not transfer the case to the Sixth Circuit,[2] indicating his mistaken belief that if transferred, the case would be transferred to the Sixth Circuit instead of to the sentencing court in the Eastern District of Kentucky.

The court in the Eastern District of North Carolina considered Burk's response to the October 16, 2012 Order. Regardless of the ambiguity of Burk's response, on December 20, 2012, that court construed his habeas petition to be a § 2255 motion. The court acknowledged Burk's request that it retain jurisdiction of the case, but the court reiterated that a challenge to a conviction raised in a § 2255 motion must be filed in the sentencing court. Instead of dismissing the case without prejudice to Burk's right to refile in the Eastern District of Kentucky, the court transferred it to the Eastern District of Kentucky. (*Id.*, at R. 3 therein)

## II

Pursuant to the December 20, 2012, Order by the court in the Eastern District of North Carolina, this case, deemed to be § 2255 motion, was transferred to the Eastern District of Kentucky, the district where Burk was convicted and sentenced. More particularly, Burk was

---

[2] Burk's response is styled:  Motion for Conditional Recharazterization Under § 2255(f)(3) & the "Savings Clause."  (*Id.*, at R. 4 therein)

3

sentenced in the Southern Division of this district at London, Kentucky. His case was transferred to this divisional court, where it was assigned by random draw to the undersigned judge, rather than being assigned to Burk's sentencing judge, as it would have been had it been officially designated as § 2255 motion prior to transfer. Although the court in the Eastern District of North Carolina had construed Burk's § 2241 habeas petition to be a § 2255 motion, that court did not enter an Order directing the Clerk of the Court there to amend the CM/ECF cover sheet to redesignate the case as one filed under 28 U.S.C. § 2255 rather than under 28 U.S.C. § 2241. Thus, prior to transfer, this case remained officially designated as a habeas corpus petition filed under 28 U.S.C. § 2241. For this reason, when this case was transferred to the Eastern District of Kentucky, the Clerk of the Court also designated it as a § 2241 habeas corpus petition instead of a motion filed under 28 U.S.C. § 2255.

This Court questions the propriety of the construction of Burk's § 2241 habeas petition as a § 2255 motion and the decision to transfer this case, rather than to dismiss it without prejudice. Nevertheless, even if the case were properly transferred, the analysis does not end at this juncture. Burk's underlying criminal case is *United States v. William Michael Burk, et al.*, Criminal No. 6:05-cr-023-DCR (E.D. Ky. 2005). Burk was sentenced on June 5, 2006. (*Id.*, at R. 169 therein). On April 12, 2007, Burk's conviction and sentence were affirmed on appeal. *United States v. Burk*, 224 F. App'x 481 (6th Cir. 2007). Burk did not file a petition for a writ of certiorari in the United States Supreme Court. Therefore, Burk's conviction became final on or about July 12, 2007.

4

**A**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA") became effective.  Among its provisions are certain amendments to 28 U.S.C. § 2255, which impose certain time limitations for the filing of § 2255 motions.  Under the prior version of § 2255, the statute provided that "A motion for such relief may be made at any time."  Section 2255, as amended with the addition of subsection (f) now reads in relevant part:

> (f)  A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of --
>
> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making  a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The AEDPA time limitation became effective on April 24, 1996.  Burk's offenses occurred in 2004 and 2005; therefore, the AEDPA one-year time-limitation rules of § 2255(f) apply to Burk  because his crimes were committed after the effective date of the time limitation. Under paragraph (1) of § 2255(f), it appears that Burk's motion to vacate would be time-barred because Burk did not file the motion within one year of the date his conviction became final.

Burk's conviction became final on or about July 12, 2007; thus, Burk had until July 12, 2008, in which to file a timely § 2255 motion.  However, Burk's claim of "actual innocence" raised in his § 2241 habeas petition is based on case law decided in 2010 and 2011, subsequent to the date his conviction became final and subsequent to the expiration of the statute of limitations. Specifically, Burk is relying on *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010); *McNeill v. United States*, 131 S.Ct. 221 (2011); and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Given the basis for his claim, *i.e.*, case law post-dating the expiration of the one-year statute of limitations for the filing of a § 2255 motion, Burk might be entitled to proceed with a § 2255 motion under paragraphs (2), (3), or (4) of 28 U.S.C. § 2255(f), that would meet the one-year limitation period or the special circumstances described therein.  Moreover, Burk may be entitled to the equitable tolling of the one-year limitations period.

**B**

The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling is permissible.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  However, the doctrine applies "sparingly," and the burden is on the movant to prove its applicability.  *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003).  In evaluating whether to toll the AEDPA limitation period, the Supreme Court has remarked:

> Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.

*Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005).  To this end, the Sixth Circuit considers the following five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence; (4) absence

of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement to file the claim.  *See Allen*, 366 F.3d at 401.  Because these "factors are not necessarily comprehensive," courts also examine each case for an "extraordinary circumstance" sufficient to merit equitable tolling.  *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).

Since Burk's "actual innocence" claim is based on case law decided in 2010 and 2011, after his conviction became final and after the one-year statute of limitations for filing a § 2255 motion had expired, it appears that Burk may be arguing that he is asserting a claim that was newly recognized by the Supreme Court (after the statute of limitations had expired) and was made retroactively applicable to cases on collateral review.  If that is the case, Burk may very well be entitled to proceed with a § 2255 motion under paragraph (3) of 28 U.S.C. § 2255(f). Alternatively, Burk may also be able to establish that he is entitled to the equitable tolling of the one-year statute of limitations to allow him to proceed with a § 2255 motion.

However, since a § 2255 motion is considered by the sentencing court, and since the undersigned is not the sentencing court, this court expresses no opinion on whether Burk's claim, filed in a § 2241 habeas petition in the Eastern District of North Carolina on June 18, 2012, is timely  (assuming *arguendo* that it is indeed a claim that must be made in a § 2255 motion) and, if not timely, whether Burk is entitled to the equitable tolling of the one-year limitations period. These issues are matters that would be decided by the sentencing court if it were presented with Burk's § 2255 motion.

At this juncture, irrespective of the decision of the court in the Eastern District of North Carolina to recharacterize Burk's § 2241 habeas petition as a § 2255 motion and to transfer it to

this district,[3] out of an abundance of caution to Burk's rights, this court is reluctant to acquiesce in such recharacterization.  The rationale for this reluctance is based in part on the restrictions on second or successive § 2255 motions.[4]  After a prisoner has filed one § 2255 motion, he is prohibited from filing a second or successive § 2255 motion unless he first obtains permission from the United States Court of Appeals in the circuit having jurisdiction over the district court in which he was convicted for the filing of a second or successive § 2255 motion.  Absent such permission, the district court is unauthorized to consider a second or successive § 2255 motion. For these reasons, this Court is reluctant to rush to judgment and recharacterize Burk's § 2241 habeas petition as a § 2255 motion, as such recharacterization could adversely affect Burk's ability to file a § 2255 motion in the future. It appears that Burk deliberately filed the present claim for relief as a § 2241 habeas petition, seemingly aware of the filing restrictions on § 2255 motions, and contending that he was entitled to proceed with a § 2241 habeas petition under the "savings clause" of § 2255.  *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004).

---

[3] Being a decision by a sister district court in another judicial district, rather than a decision by the Sixth Circuit Court of Appeals or the United States Supreme Court, it is not binding on this Court.

[4] 28 U.S.C. § 2244(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Consequently, this Court concludes that in the interests of justice, in the protection of Burk's constitutional rights, and in the interests of expediting the resolution of his claim, this matter should remain characterized as a habeas corpus petition filed pursuant to 28 U.S.C. § 2241.  As such, this Court is without jurisdiction to entertain Burk's § 2241 petition because, as previously stated herein:  a § 2241 petition for habeas corpus must be filed in the district in which the prisoner is confined.  *Pack v.Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).  *See also United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (stating that, "[t]o entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian").  Burk properly filed this § 2241 habeas petition in the Eastern District of North Carolina, the district where he is confined, and Burk could not have filed this petition initially in this district.   This Court has no jurisdiction over Burk's immediate custodian, the Warden at FMC-Burner in North Carolina.  For this reason, again, in the interests of justice and fairness to all concerned, in lieu of transferring this case back to the Eastern District of North Carolina,[5] this Court will dismiss this § 2241 habeas petition without prejudice to Burk's right  to refile in that judicial district, if necessary, after he has filed a § 2255 motion in his underlying criminal case, *United States v. William Michael Burk, Jr.*, *et al.*, Criminal No. 6:05-cr-023-DCR (E.D. Ky. 2005).  If Burk does not prevail on his § 2255 motion, then he can refile a § 2241 habeas petition, in the judicial district where he is confined at that time, seeking relief under the "savings clause" of § 2255.

---

[5] See *William D. Dunne v. John C. Zuercher*, No. 7:10-cv-155-ART (E.D. Ky. 2010).

9

**III**

Accordingly, it is hereby **ORDERED** as follows:

1.     William Michael Burk, Jr.'s petition for a writ of habeas corpus, filed pursuant to

28 U.S.C. § 2241 [R. 1] is **DISMISSED WITHOUT PREJUDICE**, as this Court is without

jurisdiction to consider it on the merits.

2.     The Court will enter an appropriate judgment.

3.     This matter is **STRICKEN** from the active docket.

This 2nd Day of August, 2013

Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**

10